IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

************************************  Case No.  12  - CR - 579  (TJM)

UNITED STATES OF AMERICA

　　　　　　　　　　　　　　　　　　　　GOVERNMENT'S SENTENCING
　　　　　　　　　　　　　　　　　　　　MEMORANDUM
　　　v.

GLENN R. UNGER,

　　　　Defendant.

************************************

　　　The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a sentence of 97 months, which is at the highest end of the advisory guidelines range of 78-97 months.

# I

## INTRODUCTION

　　　On October 21, 2013, the defendant was found guilty on of all counts of a seven-count indictment.  Count 1 charges the defendant with obstructing and impeding the Internal Revenue

**Page  1**

11272949.1

Service ("IRS"), in violation of 26 U.S.C. § 7212(a).  Counts 2-5 charge the defendant with filing a false claim for refund, in violation of 18 U.S.C. § 287.  Count 6 charges the defendant with tax evasion, in violation of 26 U.S.C. § 7201.  Count 7 charges the defendant with passing fictitious obligations, in violation of 18 U.S.C. § 514(a)(2).  The defendant is scheduled to be sentenced on April 21, 2014 in Albany, NY.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum Sentence**

The defendant's conviction for Count 1 subjects the defendant to a statutory maximum term of 3 years imprisonment and a fine of up to $250,000.00.[1]

The defendant's conviction for Counts 2-5 subjects the defendant to a statutory maximum term of 5 years imprisonment and a fine of up to $250,000.00 per count of conviction.

The defendant's conviction for Count 6 subjects the defendant to a statutory maximum term of 5 years imprisonment and a fine of up to $250,000.00.[1]

The defendant's conviction for Count 7 subjects the defendant to a statutory maximum term of 25 years imprisonment and a fine of up to $250,000.00.

In addition to imposing any other penalty, the sentencing court may require the defendant to serve a term of supervised release of not more than 5 years, to begin after imprisonment.

---

[1] Under 18 U.S.C. § 3571(b), the maximum fine for a violation of 26 U.S.C. §§ 7201 and 7212 are $250,000 even though the text of those sections suggests a lower maximum fine.  *See, e.g.*, *United States v. Pfaff*, 619 F.3d 172 (2d Cir. 2010) (applying § 3571(b) to a § 7201 conviction).

2. **Guidelines Provisions**

   a. **Criminal History Category**

   According to the presentence report, the defendant's criminal history category is I. The government agrees with the Probation Office's determination of the defendant's criminal history category.

   b. **Guidelines Range and Sentence**

   The defendant's combined offense level is 28 and the criminal history category is I. This is consistent with the calculations in the presentence report.

   As a result, the federal sentencing guidelines imprisonment range is 78-97 months; a fine range from $12,500.00 to $125,000.00; a special assessment of $700.00; and a supervised release term of up to 5 years.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

In this case, the factors under 18 U.S.C. § 3553(a) support a sentence of 97 months of imprisonment. The defendant perpetrated a multi-year, multi-prong scheme of financial fraud and deceit. As proven at trial, the defendant attempted to deceive the United States into paying him over $36 million to which he was not entitled; attempted to evade payment of over $130,000.00 in taxes he owed to the United States; and tried satisfying a $200,000.00 debt owed to a fellow orthodontist with fictitious financial instruments that were worthless. The defendant's crimes caused significant financial harm to the United States and to the orthodontist whose debt remains unpaid.

The true financial harm caused by the defendant to the United States is even broader than proven at trial. In addition to making false claims himself, the defendant taught others how to do so. He charged hundreds of people to attend his seminars where he taught them how to file similarly false claims against the United States. As a result of the defendant's promotion of his tax fraud schemes, the IRS received millions of dollars of false claims. The IRS paid out some of the false claims by issuing refund checks as large as several hundred thousand dollars. Such criminal conduct warrants a sentence at the high-end of the guidelines range.

The defendant's conduct also caused non-financial harm. He subjected others to criminal liability for their implementation of the schemes he promoted. The defendant also subjected innocent individuals and businesses to an increased likelihood of IRS scrutiny and audit. When the defendant submitted his false claims, he included bogus Forms 1099-OID in an attempt to substantiate the large false refunds he sought. On many of these Forms 1099-OID, he included the names of various individuals and businesses. These documents falsely indicated that the individuals and businesses received income from the defendant and did not match what these individuals and businesses reported on their own tax returns. Such discrepancies are likely to trigger increased, but unwarranted, IRS scrutiny. Such harm also supports a 97-month sentence.

Essential in a case such as this is deterring the defendant and others from similar crimes. In some sense, the need for deterrence in tax-fraud sentences— more so than perhaps other crimes— is apparent from the relevant numbers: the number of taxpayers in the United States far, far exceeds the number of auditors and criminal investigators available at the IRS. The Sentencing Guidelines recognize this dynamic:

> Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

*See* U.S. Sentencing Guidelines Manual ch. 2, pt. T, introductory cmt. Absent such deterrence, others will see the result in this case and cynically conclude that the risks of being caught and punished for tax fraud do not outweigh the potential reward of a cash windfall obtained by fraud. This case presents a powerful need and opportunity for this Court to deter similar frauds. A high-end guidelines sentence affords deterrence to the defendant and to others, including those who attended the defendant's seminars and may be deciding whether to proceed with his scheme.

Similarly, a 97-month sentence would help promote respect for the law. As detailed at trial, each time the defendant committed one of his crimes, he was warned. For example, the IRS sent dozens of letters warning the defendant that he was submitting frivolous documents, and the Saratoga County Attorney sent a letter rejecting the defendant's attempt to release his tax lien. Instead of heeding their warnings, the defendant submitted more false claims and a second letter attempting to release his tax lien. A substantial period of incarceration is necessary to combat the defendant's continued and glaring disrespect for the law.

The 97-month sentence that the government recommends here is sufficient, but not greater than necessary, to comply with the sentencing purposes in 18 U.S.C. § 3553(a). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85 (2007); *see*, *e.g.*, *Gall v. United States*, 552 U.S. 38 (2007) (Guidelines are

"the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).[2] A 97-month term of imprisonment is the appropriate sentence in this case.

Respectfully submitted this 7th day of April, 2014

RICHARD S. HARTUNIAN
United States Attorney


By: /s/
Ransom P. Reynolds
Assistant United States Attorney
Bar Roll No. 512035

By: /s/
Jeffrey Bender
Trial Attorney, Tax Division
Pro Hac Vice No. 107065

---

[2] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

                 Criminal Action No.

  v.

                 12-CR-579 (TJM)

GLENN R. UNGER,

  Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CERTIFICATE OF SERVICE

  I hereby certify that on April 7, 2014, I electronically filed the **SENTENCING MEMORANDUM OF THE UNITED STATES** with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing. In addition, I hereby certify that I have e-mailed the document to the following CM/ECF participant:

George Baird, Esq.

I also mailed a copy to Glenn R. Unger via the U.S. Postal Service at:

Rensselaer County Jail
400 Main St.
Troy, NY 12180-5972

                 /s/
                 Rose Tivnan